**Lawrence S. AOKI, Petitioner,**

v.

**The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER and the Honorable Leonard Plank, One of the Judges Thereof, Respondents.**

**No. 87SA47.**

Supreme Court of Colorado,
En Banc.

May 26, 1987.

---

David F. Vela, Public Defender, Frank Viehmann, Deputy Public Defender, Denver, Steven R. Gayle, Deputy Public Defender, Golden, for petitioner.

Norman S. Early, Jr., Dist. Atty., Second Judicial Dist., Donna Skinner Reed, Deputy Dist. Atty., Denver, for respondents.

Richard F. Hennessey, Ted D. Gardenswartz, Denver, for amici curiae Colorado Psychiatric Soc. & The Denver Psychoanalytic Soc.

Charles G. Michaels, Denver, for amicus curiae Civil Liberties Union Foundation of Colo., Inc.

Michael L. Bender, Mary J. Mullarkey, Denver, for amicus curiae Nat. Ass'n of Criminal Defense Lawyers.

Richard A. Hostetler, Denver, for amicus curiae Colorado Criminal Defense Bar.

ERICKSON, Justice.

In this original proceeding, the defendant, Lawrence Aoki, petitions this court pursuant to C.A.R. 21 for an order requiring the respondent district court to vacate an order compelling a defense-retained psychiatrist to testify on behalf of the prosecution. We issued a rule to show cause why the requested relief should not be granted, and now discharge the rule.

## I.

This is a companion case to *Miller v. District Court,* 737 P.2d 834 (Colo.1987), and the facts set forth in that opinion are relevant to the resolution of this matter.

Dr. John MacDonald, a psychiatrist, was retained by defense counsel to examine the defendant and to consult with defense counsel on trial preparation and strategy. The prosecution subpoenaed Dr. MacDonald to testify at a hearing on a motion to suppress and at the defendant's upcoming trial. The defendant moved to quash the subpoena, and the trial court held a hearing on February 9, 1987, to determine whether Dr. MacDonald could be compelled to testify. Dr. MacDonald claimed that his communications with the defendant were privileged, but advised the court that he will testify at the defendant's trial if he is compelled to do so. The district court ordered Dr. MacDonald to testify at the defendant's trial.

The defendant has petitioned for extraordinary relief pursuant to C.A.R. 21, and seeks an order requiring the district court to vacate its order compelling Dr. MacDonald to testify. We conclude that the defendant's petition is premature for the reasons set forth in *Miller v. District Court,* 737 P.2d 834 (Colo. 1987).

The rule is discharged.

ROVIRA, J., concurs in the result only.